# 95 DTA 37

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

FERNANDO TONOS FLORENZAN
Acusado-Recurrido

ASOCIACION DE PERIODISTAS DE P.R.;
ASOCIACION DE FOTOPERIODISTAS DE P.R.
Parte Interventora-Peticionaria

Núm. KLCE-95-00138

San Juan, Puerto Rico, a 24 de marzo de 1995

Panel integrado por su presidenta, la Juez López Vilanova,
la Juez Fiol Matta y el Juez González Román

## TEXTO COMPLETO DE LA SENTENCIA

Mediante petición de *Certiorari* presentada el 23 de marzo de 1995, se nos solicita la revisión de la resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, del 21 de marzo de 1995. En la misma, el Tribunal denegó una solicitud de los interventores para que se permitiera que fotógrafos y camarógrafos de los distintos medios de prensa escrita y televisiva fotografiaran y grabaran los procedimientos dentro del salón de sesiones en el acto de imposición de la sentencia.

Los peticionarios argumentan que ha llegado el momento de permitir la entrada a las cámaras de televisión y fotógrafos en las sesiones del tribunal. Se nos señala que en el caso de *Chandler v. Florida,* 449 U.S. 560 (1981), el Tribunal Supremo federal admitió la constitucionalidad de un proyecto experimental, diseñado por el Tribunal Supremo del estado de Florida y codificado en el Canon 3A(7) de su Código de Conducta Judicial, que permite la entrada de cámaras de televisión a los tribunales de ese estado.

Sin embargo, en nuestra jurisdicción no hay proyecto experimental ni canon alguno aprobado por el Tribunal Supremo de Puerto Rico a esos fines. Es a ese foro reglamentador de los procedimientos ante los tribunales del país a quien compete establecer la norma que de cabida a la solicitud de los peticionarios. En ausencia de norma o canon que así lo disponga, los tribunales debemos regirnos por el Canon 18 de Etica Judicial vigente, (4 L.P.R.A. Ap. IV-A (1994)). Dicho canon no sólo no contempla la utilización de cámaras fotográficas, de televisión, y otros medios electrónicos en los tribunales, sino que la prohibe expresamente. Su texto a estos efectos es claro:

*"El Juez ha de mantener el proceso judicial en un ambiente de solemnidad y respeto. El tomar fotografías o películas en el salón del tribunal durante la celebración de sesiones judiciales. o recesos entre dichas sesiones, y el radiodifundir o televisar procedimientos judiciales, restan dignidad al tribunal, pueden distraer al testigo que esté prestando testimonio y pueden obstaculizar el logro de un juicio imparcial, por lo que ello no debe permitirse. Podrá, no obstante, permitirse la toma de fotografías o películas en ocasiones estrictamente ceremoniales."*

En virtud de todo lo anterior se deniega la expedición del auto solicitado. Consiguientemente, se deniega asimismo la moción en auxilio de jurisdicción.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Regístrese y notifíquese por la vía ordinaria y adelántese vía facsímil.

María de la C. González Cruz
Secretaria General